## FIRST STATE BANK OF PARIS et al. v. COLLIER.

### No. 3660.

Court of Civil Appeals of Texas. Texarkana. April 18, 1930.

Rehearing Denied May 23, 1930.

**320**

Claude Pollard, Atty. Gen., C. W. Trueheart, Asst. Atty. Gen., Jno. W. Goodwin, of Austin, and Beauchamp & Lawrence, of Paris, for appellants.

B. I. Jordan, of Paris, C. A. Wheeler, of Austin, and King, Mahaffey & Wheeler, of Texarkana, for appellee.

LEVY, J.

The statement of the case sufficiently appears in the certified questions to the Supreme Court. Answer was made to certified question No. 6 because such question and the affirmative answer thereto were determined to be decisive of the suit. The answer to the question was based upon the conclusion reached by the court that the appellee and his assignors elected to pursue their claims as creditors of the bank as a bond security bank and not as a bank under the guaranty fund plan, and therefore their conduct amounted to an election on their part to choose the bond security plan whether the bank rightfully or wrongfully had changed to that plan, and they were thereby concluded from having the balance of their claims classified and made payable out of the depositors' guaranty fund. These creditors were paid out of the proceeds of the sale of the pledged United States bonds 26–81 per cent. of their claims against the bank, and after deducting that amount sought to have the balance due paid out of the depositors' guaranty fund. The outstanding facts of the case are that the United States bonds pledged by the bank to secure its creditors were purely assets of the bank, "purchased by the bank with its bills receivable," and at the date such bond assets were deposited with the banking commissioner the bank was, as found by the jury, "insolvent," and no assets in any amount were placed in the bank in the place and stead of the bonds.

In keeping with the answer made to the certified question, though not in view of acquiescence, we reverse the judgment of the district court, and here render judgment in favor of the appellants that the appellee take nothing by his suit and pay all costs of the trial court and of this appeal.

On Motion for Rehearing.

The appellants insist upon this court's making findings of fact and conclusions of law. The statement of the case, and the evidence, sufficiently appears in the certified questions (Tex. Com. App.) 23 S.W.(2d) 716. The facts appear therein as agreed to and found by the jury. The outstanding facts are, as we conclude, namely: The First State Bank of Paris was insolvent at the time of the reduction of the capital stock from $150,-000 to $100,000, and there was no publication made in a newspaper or otherwise of the intention to reduce the capital stock of the bank. The bank did not file a bond or a policy of insurance with the banking commissioner, but made a deposit of $100,000 in United States bonds, and these bonds were assets of the bank "purchased by the bank with its bills receivable"; and at the date such bond assets were deposited with the banking commissioner the bank was insolvent and no assets were placed in the bank in the place and stead of the bonds. The bank did not make publication in a newspaper in the town where the bank was domiciled of intention to change from the guaranty fund plan to the bond security system. In the circumstances the bank did not legally effect a change from the guaranty fund plan to the bond security system, and did not legally effect a reduction of its capital stock. Under what circumstances an unsecured bank depositor shall be permitted or denied the right to participate in the depositors' guaranty fund is exclusively a legislative question. The courts cannot deny him the right to participate in the depositors' guaranty fund so long as he continues within the terms of the statute and the bank legally continues under the guaranty fund plan. If, as here, there is statutory failure to change from the guaranty fund plan, then such unsecured depositor has the legal right to avail himself of the statutory right to have his claim classified and made payable out of the depositors' guaranty fund. He cannot be debarred from availing himself of the credit out of the bond assets in case such bond assets are not legally withdrawn.

In keeping, however, with the answer made to certified question No. 6, though not in view of acquiescence, we adhere to the former order reversing the judgment of the district court, and accordingly overrule this motion for rehearing.